34

From: The District Court of the Eighth Judicial District. County of Cascade.

STATE OF MONTANA, Plaintiff, vs. JOHN T. JONES, Defendant.

NO. 5474B

DECISION

The application of the above-named defendant for a review of the sentence of ten years for Grand Larceny imposed on September 14, 1965, was fully heard and after a careful consideration of the entire matter it is decided that:

The presumption being that the sentencing judge was correct in his determination, we are unable to say that the sentence was not proper, reasonable, and sufficiently lenient, the crimes, the individual, and the sentencing goals kept in mind, particularly when it is considered that the crime carries a possible penalty of 14 years imprisonment, and the defendant has a record of 5 prior felony convictions, which, if used against him, could have resulted in imprisonment for life or years without limit. Further, defendant is a parole violator with respect to his present sentence. Statements of the defendant that he was informed that he would get a lighter sentence if he plead guilty are unsupported. If such statement have any basis in fact, it is suggested that he consult his attorney or the Montana Defender Project, Law School, University of Montana, Missoula, Montana 59801.

DATED this 20th day of October, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Seventh Judicial District. County of Dawson.

STATE OF MONTANA, Plaintiff, vs. CHARLES EDWARD McBROON, Defendant.

NO. 4383

DECISION

The application of the above-named defendant for a review of the sentence of four years for Grand Larceny imposed on June 3rd, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

The presumption being that the sentencing judge was correct in his determination, we are unable to say that the sentence was not proper, reasonable, and sufficiently lenient, the crimes, the individual, and the sentencing goals kept in mind, particularly when it is considered that the defendant has a record of 4 prior felony convictions, which, if used, could have resulted in imprisonment for life or years without limit. Further, defendant will be eligible for parole consideration in March, 1970.

As to whether or not defendant should now be transferred to the State Hospital is beyond the power of this Court to consider. Our power is limited to, "* * review the judgment so far as it relates to the sentence imposed* *." Section 95-2503, R.C.M. 1947.

DATED this 20th day of October, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.